IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LYLE STEED JEFFS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONTINUE JURY TRIAL<br><br><br>Case No. 2:16-CR-82 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Continue Jury Trial. For the reasons discussed below, the Court will grant the Motion and continue the trial to October 23, 2017.

## I.  BACKGROUND

On February 17, 2016, the grand jury returned an Indictment against Defendant, charging him with conspiracy to commit Supplemental Nutrition Assistance Program ("SNAP") benefits fraud and conspiracy to commit money laundering. Defendant first appeared before the Court on February 24, 2016. Defendant was ordered detained.

A status conference was conducted on March 21, 2016, at which time a trial was set for May 31, 2016. Upon a motion from the government, the trial date was continued to October 3, 2016.

On June 9, 2016, the Court agreed to release Defendant on conditions. Soon thereafter, Defendant absconded until his arrest on June 14, 2017. A Superseding Indictment was issued on June 21, 2017, adding a charge of failure to appear. Defendant appeared on the Superseding

1

Indictment on July 10, 2017. At that time, a trial date was set for September 18, 2017. Defendant now seeks a continuance.

## II. DISCUSSION

The Court considers the following factors when considering a motion to continue trial:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [the moving party] might suffer as a result of the district court's denial of the continuance.[1]

These factors are weighed according to the dictates of the case. "No single factor is determinative and the weight given to any one may vary depending on the extent of the [defendant's] showing on the others."[2] Considering these factors, the Court finds that a continuance is appropriate, but not to the extent requested by Defendant.

First, the Court finds that defense counsel has been largely diligent. Counsel acted diligently in the early stages of this case, pursuing various motions including motions to dismiss. However, after Defendant absconded, counsel's efforts decreased and they eventually "discontinued investigation."[3] While the Court cannot fault counsel for trying to effectively utilize limited resources, certain tasks could have been accomplished even with Defendant's absence. Overall, however, the Court finds that defense counsel have been diligent in their efforts to prepare for trial. Therefore, this factor favors a continuance.

---

[1] *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).
[2] *Id.*
[3] Docket No. 841, at 3.

Second, the Court finds that granting a continuance would accomplish the purpose underlying Defendant's expressed need for the continuance. Defendant has identified several reasons for his requested continuance, including: the complexity of the case; the unavailability of Defendant to assist in trial preparation; the difficulty of locating witnesses; the loss of defense counsel's main investigator and the need for a new investigator to become knowledgeable in the matter; the need to hire a forensic accountant to testify at trial; the need to investigate Defendant's past potential brain injuries; and the need for a longer trial setting. Not all of these considerations provide a valid basis for a continuance. For example, the fact that Defendant absented himself from these proceedings, impeding his counsel's efforts to prepare, does not provide a sufficient basis for a continuance. Other factors, such as the need for a longer trial setting, are similarly inappropriate considerations.[4] However, when considered as a whole, these factors justify a continuance. Defense counsel will not be adequately prepared to present a constitutionally sufficient defense with the current trial setting. Therefore, this factor weighs in favor of a continuance.

Third, there is no specific inconvenience to the government, its witnesses, and the Court resulting from the continuance. The Court is cognizant of the government's general interest in asserting its and the public's right to a speedy trial. However, the government was unaware of any specific witness availability concerns should a continuance be granted. Defendant's Motion was filed far enough in advance of trial that the Court will not suffer any inconvenience if a continuance is granted. Jury notices have not been sent and the Court has yet to begin substantial

---

[4] *See* 18 U.S.C.§ 3161(h)(7)(C) (stating that an ends-of-justice continuation may not be granted "because of general congestion of the court's calendar").

trail preparations. Therefore, while recognizing the interest of the government and the public in a speedy trial, this factor does not weigh against granting a continuance.

Finally, the Court finds that Defendant will suffer harm if denied a continuance. Based on Defendant's Motion, the Court concludes that the failure to grant a continuance would impair Defendant's ability to present an adequate defense. Therefore, this factor weighs in favor of granting a continuance and the trial will be continued. However, the Court will not grant Defendant the full extension requested. The Court will grant a modest extension to October 23, 2017. The Court believes this continuance will provide Defendant sufficient time to accomplish those items set out in his Motion and the Court will not consider any further continuances.

The Court further finds that the time from the filing of the Motion to the new trial date is properly excluded under the Speedy Trial Act. Counsel states that additional time is needed to investigate potential brain injuries Defendant may have suffered and to hire an expert or experts to conduct mental and physical examinations. Counsel has explained that, while competency is not an issue in this case, such evidence could become relevant during trial. The Speedy Trial Act excludes any period of "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."[5] Thus, the Court will exclude time under the Speedy Trial Act to allow Defendant to conduct examinations to determine the mental competency or physical capacity of the defendant.

Defendant further seeks to exclude time due to the complexity of the case. The Court has previously determined this case to be complex due to the amount of discovery and complexity of

---

[5] 18 U.S.C. § 3161(h)(1)(A).

the issues.[6]  This finding remains appropriate.  Therefore, time under the Speedy Trial Act is properly excluded under 18 U.S.C. § 3161(h)(7)(B)(ii).

Finally, the Court finds that the failure to grant a continuance would deny counsel for Defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence" for substantially the same reasons set forth above.[7]

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Continue Jury Trial (Docket No. 841) is GRANTED.  The jury trial previously scheduled for September 18, 2017, is hereby continued to October 23, 2017.  For the reasons set forth above, the Court finds that the ends of justice served by granting Defendant's Motion outweigh the best interest of the public and the defendant in a speedy trial.  Specifically, the Court finds that the failure to grant a continuance would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.  Additionally, the Court finds that this case is so unusual or so complex, due to the amount of discovery and the complex issues, that it is unreasonable to expect adequate preparation for trial within the time limits established by the Speedy Trial Act.  Finally, the Court excludes any period of delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant.  Thus, the time from the filing of the Motion—August 1, 2017—to the new trial date—October 23, 2017—is excluded from computation under the Speedy Trial Act.

---

[6] Docket No. 228.

[7] 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court establishes the following deadlines:

Jury selection will be conducted on October 19, 2017 and October 20, 2017.

A final pretrial conference is set for September 25, 2017, at 9:00 a.m.

Proposed jury instructions, proposed verdict form, requests for voir dire, trial briefs, and motions in limine are due on September 11, 2017.

All other previously imposed deadlines not specifically altered in this Order remain in effect.

DATED this 3rd day of August, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge