IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LYLE STEED JEFFS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS<br><br><br>Case No. 2:16-CR-82 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Sever Counts. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On February 17, 2016, Defendant was charged with conspiracy to commit Supplemental Nutrition Assistance Program ("SNAP") benefits fraud and conspiracy to commit money laundering ("Counts One and Two"). On June 9, 2016, Defendant was ordered released. Defendant's conditions of release required Defendant to appear in Court as ordered, submit to global position satellite ("GPS") monitoring, and to participate in home detention at a residence in Salt Lake County.

After being granted pretrial release, Defendant removed his GPS monitor and absconded from supervision. On August 17, 2016, the Court set an evidentiary hearing on Defendants' Motion to Dismiss for September 6, 2016. The Court later continued the hearing to October 4, 2016. The Court ordered Defendants, including Mr. Jeffs, to appear at that hearing. Defendant failed to appear at that hearing.

1

Defendant was arrested in South Dakota on June 14, 2017. A Superseding Indictment was issued on June 21, 2017, adding a charge of failure to appear ("Count Three"). Defendant now seeks to sever Count Three.

II. DISCUSSION

Defendant's Motion presents two arguments. First, Defendant argues that Count Three is improperly joined. Second, Defendant argues that the Court should exercise its discretion to sever Count Three.

A.  IMPROPER JOINDER

Defendant first argues that Count Three is improperly joined. Federal Rule of Criminal Procedure 8(a) states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

"Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system."[1] Courts have held that a failure to appear charge is connected with other charges when the charges are related in time, the motive for flight was the avoidance of prosecution, and the defendant's custody stemmed directly from the underlying offense.[2] Consideration of these factors shows that Count Three was properly joined here.

---

[1] *United States v. Price*, 265 F.3d 1097, 1105 (10th Cir. 2001) (quoting *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995)).

[2] *United States v. Gabay*, 923 F.2d 1536, 1539–40 (11th Cir. 1991); *United States v. Peoples*, 748 F.2d 934, 936 (4th Cir. 1984); *United States v. Ritch*, 583 F.2d 1179, 1181 (1st Cir. 1978); *United States v. Bourassa*, 411 F.2d 69, 74–75 (10th Cir. 1969). *See also United States v. Coyazo*, 198 F.3d 259, at *2 (10th Cir. 1999) (unpublished table decision).

First, the charges are related in time. The Superseding Indictment alleges that Defendant and his co-conspirators engaged in various acts in furtherance of their scheme to defraud between 2011 and 2016. Defendant's failure to appear occurred in October 2016 and was the direct result of his absconding from pretrial supervision, which occurred in June 2016. Second, it can reasonably be inferred that Defendant's motive for flight was the avoidance of prosecution. Defendant was on pretrial release for just a matter of days before he slipped his ankle monitor and fled. He then remained on the run for nearly a year before his arrest in South Dakota. Based upon these facts, this requirement is met. Finally, there can be no question that Defendant's custody stemmed directly from the underlying offense. Thus, the counts in the Superseding Indictment are properly joined under Rule 8.

B.      SEVERANCE

Defendant next argues that, even if the counts are properly joined, severance is appropriate. Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts . . . or provide any other relief that justice requires." The decision of whether to grant a severance rests within the sound discretion of the Court.[3] "Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case."[4] It is not enough for a defendant to show that he "may have a better chance of

---

[3] *United States v. Martin*, 18 F.3d 1515, 1517 (10th Cir. 1994).

[4] *United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007) (quoting *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984)).

acquittal in separate trials."[5] Rather, "the defendant must demonstrate that his 'right to a fair trial is threatened or actually deprived.'"[6] Further, "[i]n establishing real prejudice, the defendant must 'demonstrate that the alleged prejudice he suffered outweighed the expense and inconvenience of separate trials.'"[7]

Defendant first argues that evidence concerning his failure to appear would not be admissible under Federal Rule of Evidence 404(b). Defendant is incorrect. "It is universally conceded today that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself."[8] Most courts hold that evidence of flight is admissible under Rule 404(b).[9] The Tenth Circuit has stated that "flight evidence carries with it a strong presumption of admissibility."[10] Therefore, evidence of Defendant's flight is properly

---

[5] *United States v. Pursley*, 474 F.3d 757, 766 (10th Cir. 2007) (quoting *Zafiro v. United States*, 506 U.S. 534, 540 (1993)).

[6] *United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008) (quoting *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997)).

[7] *Martin*, 18 F.3d at 1518 (quoting *United States v. Parra*, 2 F.3d 1058, 1063 (10th Cir. 1993)).

[8] *United States v. Martinez*, 681 F.2d 1248, 1256 (10th Cir. 1982) (citation omitted).

[9] *See e.g. United States v. Robinson*, 161 F.3d 463, 467 (7th Cir. 1998) ("Evidence of flight is admissible under Rule 404(b) to show consciousness of guilt, as well as guilt itself."); *United States v. Bartelho*, 129 F.3d 663, 677 (1st Cir. 1997) ("Evidence of flight or escape may be admissible to prove a defendant's consciousness of guilt, consistent with Rule 404(b)."); *United States v. Pungitore*, 910 F.2d 1084, 1151 (3d Cir. 1990) ("Evidence of a defendant's flight after a crime has been committed is admissible to prove his consciousness of guilt."); *Peoples*, 748 F.2d at 936 ("[E]vidence of flight is admissible to prove guilty conscience and evidence of the underlying offense is admissible to prove motive for flight under Fed. R. Evid. 404(b)."); *Bourassa*, 411 F.2d at 74 (stating that "flight was a circumstance that might be considered in determining guilt").

[10] *Martinez*, 681 F.2d at 1256.

admissible under Rule 404(b) as proof of consciousness of guilt and does not provide a valid basis for severance.

Second, Defendant contends he will be prejudiced by a joint trial based on his belief that the government will attempt to rely heavily on writings from Warren Jeffs on all counts. Defendant argues that he will challenge the admission of such writings as they relate to Count Three, but that they may be relevant to the other counts. The Court is not persuaded that severance is necessary on this ground. Any prejudice to Defendant can be cured through means other than severance.

Third, Defendant argues that he expects the government to stray beyond the elements of Count Three and will seek to introduce evidence as to why Defendant failed to appear at the hearing. Such evidence would appear to have limited relevance. But, again, severance is not required to avoid the prejudice that might arise should the government seek to introduce such evidence. Defendant could seek exclusion of evidence he believes is irrelevant.

Fourth, Defendant contends that a joint trial may interfere with his ability to testify on his own behalf. Defendant states that he may wish to testify as to Counts One and Two, but may want to remain silent on Count Three. The Tenth Circuit has stated:

> [N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.[11]

---

[11] *United States v. Valentine*, 706 F.2d 282, 291 (10th Cir. 1983) (citations omitted).

Defendant's statement that he may wish to testify as to Counts One and Two and may choose to remain silent on Count Three does not satisfy the requirements set out by the Tenth Circuit. Defendant does not state that he has important testimony related to Counts One and Two and does not state a strong need to refrain from testifying as to Count Three. Therefore, Defendant has failed to make the showing necessary for severance.

Fifth, Defendant argues that severance is required because the government will be in a position to argue that the sole reason for Defendant's flight was due to a guilty conscience and the jury would be allowed to infer guilt as to the other counts. Defendant further argues that a failure to sever would permit the government to make misleading arguments that he could not rebut due to his religious restrictions. As with Defendant's other arguments, severance is not required to address any potential prejudice from the evidence the government may seek to introduce.

Finally, even if Defendant could demonstrate some prejudice, he has failed to demonstrate that any prejudice outweighs the expense and inconvenience of separate trials. As the government points out, selecting a jury will be more difficult and time consuming than the ordinary case.[12] Further, there would be substantial overlap of the witnesses and evidence if the Court granted a severance.[13] Based upon these considerations, the Court declines Defendant's request for severance.

---

[12] *Olsen*, 519 F.3d at 1103 (finding that lengthy jury selection justified denying severance).

[13] *Id.* at 1103 (noting that "those witnesses who testified to background matters such as the nature of the grand jury investigation and the materiality of the perjured statements would have been required to testify in two different trials").

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Sever Counts (Docket No. 845) is DENIED. It is further

ORDERED that pursuant to 18 U.S.C. § 3161(h)(1)(D), the time from the filing of the Motion to the date of this Order is excluded from computation under the Speedy Trial Act.

DATED this 24th day of August, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge